# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHINOOK LICENSING DE, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC.<br><br>      Defendant. | C.A. No._____<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Chinook Licensing DE, LLC ("Chinook"), by and through its undersigned counsel, for its Complaint against Facebook, Inc. ("Facebook" and/or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

## THE PARTIES

2. Plaintiff Chinook is a Delaware limited liability company with a place of business at 320 Wilmette Avenue, Glenview, Illinois 60025.

3. On information and belief, Facebook is a Delaware corporation with its principal place of business at 1601 Willow Road, Menlo Park, California 94025. Facebook may be served with process through its registered agent, the Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4. Facebook is in the business of making, using, selling, offering for sale and/or importing a computer implemented method for augmenting a directory without contemporaneous input.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

6. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as well as because of the injury to Chinook and the cause of action Chinook has raised, as alleged herein.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long-Arm Statute, Del Code. Ann. Tit. 3, § 3104, due to at least its substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

8. Defendant has conducted and does conduct business within the state of Delaware, directly or through intermediaries, resellers, agents, or offers for sale, sells, and/or advertises products in Delaware that infringe United States Patent No. 7,047,482 (the "'482 Patent").

9. In addition to Defendant's continuously and systematically conducting business in Delaware, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Delaware, including Defendant's making,

using, importing, offering for sale, or selling products which include features that fall within the scope of at least one claim of the '482 Patent.

10. Venue lies in this District under 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, and has committed and continues to commit acts of patent infringement in this District. For example, Defendant has used, sold, offered for sale, and/or imported infringing products in this District.

## THE PATENT-IN-SUIT

11. There is one patent at issue in this action: the '482 Patent.

12. On May 16, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '482 Patent, entitled "Automatic directory supplementation" after a full and fair examination. Chinook is presently the owner of the patent and possesses all right, title and interest in and to the '482 Patent. Chinook owns all rights of recovery under the '482 Patent, including the exclusive right to recover for past infringement. The '482 Patent is valid and enforceable. A copy of the '482 Patent is attached hereto as Exhibit A.

13. The '482 Patent contains three independent claims and seventeen dependent claims. Defendant commercializes, *inter alia*, methods that perform all the steps recited in one or more claim of the '482 Patent.

## DESCRIPTION OF THE ACCUSED PRODUCT

14. Facebook is a website that allows users to find friends based on both information from their own profiles and the profiles of other members of the site. People with information similar to a user are added in a results directory that is displayed in the "People You May Know" section.

15. Facebook accesses a user's profile (first document) in order to gather information to recommend friends to the user. Said recommendations are based on information such as work and education.

16. The documents in the "People You May Know" section make up the results directory based on a search of other user profiles using "work" and "education" keywords from the first document. In order to do so, Facebook accesses a second user profile (second document) and determines the relevance of the second document based on at least one keyword. Finally, after the second document is deemed relevant, Facebook adds it to the results directory for the first user.

## COUNT I
## INFRINGEMENT OF THE '482 PATENT

17. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-16.

18. Taken together, either partially or entirely, the features included in Facebook's website includes a computer implemented method for augmenting a directory without contemporaneous user input that performs the process recited in one or more claims of the '482 Patent.

19. Defendant directly infringes one or more claims of the '482 Patent by using a computer implemented method for augmenting a directory without contemporaneous user input, which perform the process defined by one or more claims of the '482 Patent.  For example, without limitation, Defendant directly infringes at least claim 1 of the '482 Patent by using Facebook's products, including use by Defendant's employees and agents, use during product development and testing processes, and use when servicing and/or repairing portable computing devices on behalf of customers.

20. Facebook has indirectly infringed and continues to indirectly infringe at least claim 1 of the '482 Patent by actively inducing their respective customers, users, and/or licensees to directly infringe by using Chinook's patented computer implemented method for augmenting a directory without contemporaneous user input. Facebook engaged or will have engaged in such inducement having knowledge of the '482 Patent. Furthermore, Facebook knew or should have known that its action would induce direct infringement by others and intended that its actions would induce direct infringement by others. For example, Facebook sells, offers for sale and advertises the aforementioned method in Delaware specifically intending that its customers buy and use said method. As a direct and proximate result of Facebook's indirect infringement by inducement of the '482 Patent, Plaintiff has been and continues to be damaged.

21. By engaging in the conduct described herein, Defendant has injured Chinook and is thus liable for infringement of the '482 Patent, pursuant to 35 U.S.C. § 271.

22. Defendant has committed these acts of infringement without license or authorization.

23. To the extent that facts learned in discovery show that Defendant's infringement of the '482 Patent is or has been willful, Chinook reserves the right to request such a finding at the time of trial.

24. As a result of Defendant's infringement of the '482 Patent, Chinook has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

25. Chinook will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Chinook is entitled to compensation

for any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

26. Chinook has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them from directly or indirectly infringing the '482 Patent.

## DEMAND FOR JURY TRIAL

27. Chinook demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

Chinook respectfully prays for the following relief:

A. That Defendant be adjudged to have infringed the '482 Patent;

B. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the '482 Patent;

C. An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Chinook for Defendant's past infringement and any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

D. An assessment of pre-judgment and post-judgment interests and costs against Defendant, together with an award of such interests and costs, in accordance with 35 U.S.C. § 284;

  E. That Defendant be directed to pay enhanced damages, including Chinook's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

  F. That Chinook have such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: January 20, 2014 | BAYARD, P.A. |
| OF COUNSEL: | /s/ Stephen B. Brauerman<br>Richard D. Kirk (rk0922)<br>Stephen B. Brauerman (sb4952) |
| Eugenio Torres-Oyola<br>FERRAIUOLI LLC<br>221 Plaza 5th Floor<br>221 Ponce de León Ave.<br>San Juan, Puerto Rico 00917<br>(787) 766-7000<br>etorres@ferraiuoli.com | Vanessa R. Tiradentes (vt5398)<br>Sara E. Bussiere (sb5725)<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19801<br>302-655-5000<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br>vtiradentes@bayardlaw.com<br>sbussiere@bayardlaw.com |
| | *Attorneys for Plaintiff*<br>*Plaintiff Chinook Licensing DE, LLC* |